IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIO DINERO SESSOMS,

      Petitioner,                        No. CIV S-05-1221 JAM GGH P

    vs.

D. L. RUNNELS, Warden, et al.,

      Respondents.                ORDER

_____/

        Petitioner is a state prisoner proceeding with counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 24, 2008, judgment was entered in this court denying the petition. On December 9, 2008, petitioner filed a notice of appeal. Before petitioner can appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R .App. P. 22(b).

        Upon the filing of a notice of appeal by petitioner, under Fed. R. App. P. 22(b)(1), "the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue."

        The timely filing of a notice of appeal is a jurisdictional requirement. Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir. 1984). Here, the time limit for filing a notice of appeal following entry of judgment is thirty days. See Fed. R. App. P. 4(a). Petitioner's notice of

1  appeal in this action was filed more than thirty days after entry of judgment.

2           The United States Court of Appeals for the Ninth Circuit has held that the
3  issuance of a certificate of probable cause cannot vest the court of appeals with jurisdiction if
4  jurisdiction is not proper in that court.  <u>Hayward v. Britt</u>, 572 F.2d 1324, 1325 (9th Cir. 1978).
5  The rationale of <u>Hayward</u> applies with equal force to a certificate of appealability.  For these
6  reasons, the court declines to issue a certificate of appealability.

7           IT IS SO ORDERED.

8  DATED: 12/19/2008

10                                    /s/ John A. Mendez
                                      UNITED STATES DISTRICT JUDGE
11  /sess1221.832