IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIO DINERO SESSOMS,
                    Petitioner,          No.  CIV-S- 05-1221 JAM GGH P

vs.                                          ORDER

TOM FELKER,
                    Respondent
_____/

      Petitioner filed an untimely notice of appeal on December 9, 2008; the filing was belated by 16 days, judgment having been entered on October 24, 2008.  The appeal should have been filed no later than November 23, 2008.  Perhaps advised by the denial of petitioner's COA on account of the untimely filing, petitioner filed a motion for extension of time pursuant to Fed.R.App. 4(a)(5) on December 23, 2008 (Docket 59).

      For the reasons given below, the motion to extend time in which to appeal is granted.[1]  Judge Mendez will separately reconsider the previously filed COA.[2]

---

[1] The Local Rules of this court refer to magistrate judges "cases" brought by a prisoner involving habeas corpus.  E.D. Cal. Local Rule 302(c)(17).  As interpreted in this district, "cases" encompass post-judgment motions.  Judge Mendez, who is out of the court at the moment, also informally requested by e-mail that the undersigned rule on the motion.

[2] Magistrate Judges may issue COAs, but the Ninth Circuit has held that such issuance is limited to consent cases.  Hanson v. Mahoney, 433 F.3d 1107, 1112 (9th Cir. 2006).

1

Petitioner first asks for this court to consider his belated appeal as a request for extension of time. Such a request is unnecessary as the belated notice of appeal, as well as the request for extension of time in which to file the appeal, was filed within the 30 day window of Rule 4(a)(5).

Rule 4(a)(5) motions, by the terms of the Rule, may be considered ex parte. The standards for considering the motion have been recently set forth by the Ninth Circuit:

> The Warden contends that the district court abused its discretion when it concluded that Mendez's untimely filing of a notice of appeal was excusable neglect.FN1 In evaluating whether neglect is excusable, a district court must consider the four factors established by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993): "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay*, 389 F.3d at 855 (citing *Pioneer*, 507 U.S. at 395, 113 S.Ct. 1489).
> \*\*\*\*
> FN1. Mendez did not claim that there was good cause for the late filing, and the advisory committee notes make clear that the "good cause" standard is only applicable to motions for extension of time filed within the initial thirty-day period for filing a notice of appeal. Fed. R.App. P. 4(a)(5) Advisory Committee's Notes to 1979 Amendment. Therefore, the only contested issue is whether the neglect of Mendez's counsel was excusable.

<u>Mendez v. Knowles</u>, 535 F.3d 973, 980 (9th Cir. 2008).

In the present case, petitioner's (Sessom's) counsel declares that he inadvertently applied the state appellate 60 day time limit for filing appeals to this federal case. Counsel believes that he did so because he primarily practices in the state court system, and he has been undergoing considerable stress and distraction occasioned by serious medical problems suffered by his daughter since September, 2008.

Applying the criteria above, it is clear that the motion should be granted. There is no conceivable prejudice to respondent in replying to the appeal on the merits in that nothing has happened in the case since the entry of judgment which would make such a response more difficult. Related to the first factor is that the delay incurred herein has been rather minimal, and the judiciary is not prejudiced in that not much would have transpired on appeal up to this date.

Taking factors 3 and 4 together, the court understands that the press of business combined with primary parental duties can cause mistakes even by the most experienced counsel.  Counsel's daughter's illness itself was outside the control of counsel, although he is quite properly attempting to control the outcome of that illness.  Counsel's inadvertent application of the state filing limits bears no indicia of bad faith, and the court finds the mistake to have been made in good faith.  Counsel has affirmatively shown that he was actively working on the appeal after judgment was entered.  Moreover, there is no indication in the record that counsel previously acted negligently.   Indeed, counsel's conduct in prosecuting the matter has equaled the good quality of respondent's counsel's conduct of the defense.

Accordingly:

1. Petitioner's Rule 4(a)(5) Motion for Extension of Time in Which to Appeal (Docket # 59) is granted;

2. The previously filed Notice of Appeal (Docket # 54) is deemed filed as of the date of this order;

3. The COA is referred to Judge Mendez for reconsideration of its denial.

IT IS SO ORDERED.

Dated: December 24, 2008

/s/ Gregory G. Hollows
GREGORY G. HOLLOWS
United States Magistrate Judge