IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIO DINERO SESSOMS,

      Petitioner,                      No. CIV S-05-1221 JAM GGH P

    vs.

D. L. RUNNELS, Warden, et al.,

      Respondent.                   ORDER

_____/

        Petitioner is a state prisoner proceeding with appointed counsel. Petitioner has been granted, subsequent to this court's denial of a request for certificate of appealability on grounds of untimeliness, an extension of time and has been deemed to have filed a notice of appeal of timely. See Docket Entry # 56, # 59 and # 60. This matter has been referred to this court for reconsideration of petitioner's application as a timely filed notice of appeal to the October 24, 2008, denial of his petition for writ of habeas corpus, and on that basis, the court will reconsider the request for a certificate of appealability   Before petitioner can appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

        A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate which specific issue or issues

satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

A certificate of appealability should be granted for any issue that petitioner can demonstrate is "'debatable among jurists of reason,'" could be resolved differently by a different court, or is "'adequate to deserve encouragement to proceed further.'" Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).[1]

Petitioner has made a substantial showing of the denial of a constitutional right in the following issues presented in the instant petition: 1) whether petitioner received ineffective assistance of counsel by a failure of his trial counsel to investigate and present evidence that his constitutional rights were violated in a police interview; 2) whether petitioner's Miranda[2] rights were violated when he was interviewed by detectives.

Accordingly, IT IS HEREBY ORDERED that a certificate of appealability is issued in the present action.

DATED:   January 14, 2009

/s/ John A. Mendez
UNITED STATES DISTRICT JUDGE

/sess1221.coa

---

[1] Except for the requirement that appealable issues be specifically identified, the standard for issuance of a certificate of appealability is the same as the standard that applied to issuance of a certificate of probable cause.  Jennings, at 1010.

[2] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966).